**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

UNITED STATES OF AMERICA,               :

                                                                    :

v.                                                                      :          CASE NO.: 7:26-CR-12 (LAG)

                                                                    :

TOBY E BIVINS,                                        :

                                                                    :

     Defendant.                                   :

                                                                    :

## ORDER

Before the Court is Defendant Toby Bivins' Unopposed Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 15). Therein, Defendant Bivins, unopposed by the Government, moves to continue the pretrial conference and trial in this matter, currently set for June 18, 2026 and July 6, 2026, respectively. (*Id.*; Doc. 14).

On May 13, 2026, Defendant Bivins was charged in a four-count Indictment for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), tampering with documents or proceedings in violation of 18 U.S.C. § 1512(c)(1), and misleading conduct in violation of 18 U.S.C. § 1512(b)(2)(B), with an additional forfeiture notice. (Doc. 1). Defendant was arraigned on June 10, 2026, entered a not guilty plea, and was ordered detained pending trial. (Docs. 5, 8, 11). On June 11, 2026, counsel for Defendant filed his notice of appearance and request for discovery. That same day, Defendant filed the instant Motion, requesting a continuance of his trial. (Doc. 15). Counsel for Defendant represents that he has not received discovery, thus, "counsel cannot review the discovery with [Defendant], identify and conduct any necessary investigation, identify and retain any necessary expert witnesses, identify and file any necessary pretrial motions, discuss potential defenses with [Defendant], or enter into meaningful plea negotiations with the government." (*Id.* at 2).

Upon due consideration, the Court finds that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny Defendant's Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, Defendant Bivins' Motion (Doc. 15) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined.[1] The deadlines in the Court's June 11, 2026 Scheduling Order (Doc. 14) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 17th day of June, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Defendant requested that the trial be moved to the Court's September trial calendar. Because, however, the Court specially sets trials, the trial will be set for a date to be determined.

2