**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

UNITED STATES OF AMERICA, :
:
v. : CASE NO.: 7:26-CR-12 (LAG)
:
TOBY E BIVINS, :
:
Defendant. :
:

## ORDER

Before the Court is Defendant Toby Bivins' Unopposed [Second] Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 23). Therein, Defendant Bivins, unopposed by the Government, moves to continue the pretrial conference and trial in this matter, currently set for September 21, 2026 and October 5, 2026, respectively. (*Id.*; Doc. 19).

On May 13, 2026, Defendant Bivins was charged in a four-count Indictment for receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), tampering with documents or proceedings in violation of 18 U.S.C. § 1512(c)(1), and misleading conduct in violation of 18 U.S.C. § 1512(b)(2)(B). (Doc. 1). Defendant was arraigned on June 10, 2026, entered a not guilty plea, and was ordered detained pending trial. (Docs. 5, 8, 11). On June 11, 2026, counsel for Defendant filed his notice of appearance, request for discovery, and first motion to continue trial. (Docs. 12–13, 15). On June 17, 2026, the Court granted the first motion to continue trial. (Doc. 16 at 2 (citing 18 U.S.C. § 3161(h)(7)(A)). The Court reset the pretrial conference and trial in this matter for September 23, 2026 and October 26, 2026, respectively. (Doc. 17). On August 26, 2026, the Court reset the pretrial conference and trial date to the current dates. (Doc. 19). On September 11, 2026, Defendant filed the instant Motion, requesting a continuance of his trial. (Doc. 23).

Counsel for Defendant represents that he has not received "the forensic extraction of the cell phone which the government claims produced the illegal images and video" that is part of this case's discovery and associated with Defendant's 5th Supervised Release violation petition in case no. 7:11-cr-19-LAG. (*Id*. at 2). Thus, "counsel needs access to the phone extraction and is working with the government to obtain a copy, however additional time is needed to accomplish that." (*Id*.). "Once the phone extraction is provided, defense counsel will review it, determine if any additional pretrial motions lie in relation to the extraction (process and/or results) and if so, immediately file the appropriate motions." (*Id*. at 3). Counsel for Defendant further represents that Defendant is facing state charges related to his time in federal pretrial detention in Tift County Jail. (*Id.*). The addition of state-charges "require[s] additional time as well, as it is not apparent at this point if [Defendant] is represented by counsel on that state charge." (*Id*.).

Upon due consideration, the Court finds that the "ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that failing to grant a continuance would result in a miscarriage of justice and deny Defendant's Counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Accordingly, Defendant Bivins' Motion (Doc. 23) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined.[1] The deadlines in the Court's August 26, 2026 Scheduling Order (Doc. 19) are hereby terminated, and a new scheduling order will be forthcoming.

---

[1] Defendant requested that the trial be moved to the Court's December trial calendar. Because, however, the Court specially sets trials, the trial will be set for a date to be determined.

**SO ORDERED**, this 16th day of September, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**